STATE BOARD OF TAX APPEALS.

BOROUGH OF LITTLE FERRY, PETITIONER, v. T. J. SOKOL ASSOCIATION, RESPONDENT.

Decided March 18, 1941.

For the petitioner, *Winne & Banta* (by *Walter Winne*).

For the respondent, *Weleck & Hawkins* (by *Charles Weleck*).

QUINN, President. The Bergen County Board of Taxation, on application filed by the respondent, entered judgment exempting from taxation for the year 1939 certain real property beneficially owned by it. The property in question is a building and the land upon which same is situated and is used for the purpose of conducting various athletic, social and recreational functions of said organization, and for other miscellaneous purposes.

Respondent justifies the action of the Bergen County Board as proper under *R. S.* 54:4-3.26, exempting all property used in the work and for the purposes of any fraternal organization or lodge, no part of which is used for pecuniary profit. The testimony taken before this board leaves some doubt as to whether the functions and purposes of respondent are such as to constitute it a fraternal organization or lodge, within the true intent of the statute, but that question need not be determined, since it clearly appears from the proof taken, that respondent's building is used "for pecuniary profit," under construction of that proviso of the statute heretofore made by this board. Meeting rooms in the building are rented to many types of organizations both public and private on the basis of regular annual rental fees. There is shown a regular and continued devotion of the property to pecuniary purposes. *Fifty-Six Seminary Avenue Corp.* v. *City of Rahway, New Jersey Tax Reports* 1934-1939, *p.* 666. It is further apparent, to the satisfaction of the board, that a cafe, containing a bar at which alcoholic beverages are sold, is open to the general public. While at the hearing there was some attempt made on behalf of the respondent to negative the fact of public sale, we regard it as significant that the organization held a plenary retail consumption license, as of the assessing date and subsequent thereto, under which respondent was entitled to dispense liquors to the public at large. This, too, we have heretofore regarded as a use for pecuniary profit, within the statute, regardless of whether an actual profit is made in the conduct of the enterprise.

*The Benevolent Protective Order of Elks Lodge No.* 233 v.
*Borough of Red Bank, Id. p.* 629. *Cf. Hoboken Lodge No.*
74, *Benevolent Protective Order of Elks of America* v. *City
of Hoboken, Id. p.* 643; *affirmed (Supreme Court,* 1939),
123 *N. J. L.* 506; 9 *Atl. Rep.* (2d) 783, in which we held
that the operation of a bar restricted to the use of members of
a fraternal organization and their guests, in the operation of
which no profit ensued, did not constitute use for pecuniary
profit.

For the reasons stated, the judgment of the Bergen County
Board of Taxation is reversed, and the assessment as origi-
nally made is ordered reinstated.